Case No.  **2:19-cv-05530 AFM**                                    Date:  **December 6, 2019**

Title     **Lori Cohen, Daniel Cohen v. Porsche Cars North America, Inc.**

Present: The Honorable:    ALEXANDER F. MacKINNON, U.S. Magistrate Judge

| Ilene Bernal | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):  Order Granting Defendant's Motion to Dismiss First Amended Complaint (Filed October 25, 2019; ECF No. 19)**

Based on the parties' briefs and the arguments of counsel at the December 3, 2019 hearing, the Court GRANTS Defendant's motion to dismiss the First Amended Complaint ("FAC"), as set forth below:

1. A complaint may be dismissed as a matter of law for failure to state a claim based on (1) lack of a cognizable legal theory or (2) insufficient allegations under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1990). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 134 S. Ct. 2056, 2065 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). The Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are

true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'. . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014).

    2. In addition, Federal Rule of Civil Procedure 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct." If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendant with notice of which theory it is being sued on and what relief is being sought against it, the pleading fails to comply with Rule 8. *See, e.g.*, *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981). Failure to comply with Rule 8 is an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. *See id.*

    3. <u>Allegation of "Hacking."</u> Plaintiffs allegedly leased a 2017 Porsche 911 Carrera in May 2017. According to the FAC, Plaintiffs' vehicle and those of the putative class were manufactured and sold with a defective wireless key entry system that caused the vehicles to be vulnerable to "hacking." (FAC, ¶¶ 8, 10, 11.) Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  **2:19-cv-05530 AFM**                                              Date:   **December 6, 2019**
Title       **Lori Cohen, Daniel Cohen v. Porsche Cars North America, Inc.**

also allege that the wireless key entry system for their leased vehicle was "hacked," their vehicle broken into, and personal items stolen.  (FAC, ¶¶ 18, 37.) Plaintiffs, however, make these allegations in conclusory form and do not allege (for example) facts that specify how the "hacking" took place, in what way wireless key device was defective, and why they conclude that hacking of the wireless key device provided the means of entry into their vehicle.  They also fail to allege when and where the hacking took place and do not refer to any technical analysis that supports their assertion of hacking.  Although Plaintiffs' opposition says that an unidentified dealership "acknowledged that the car was hacked and unlocked" (ECF No. 20 at 9), such an allegation is not found in the FAC. Nor do they include allegations from which the Court could plausibly infer that "hacking" of the wireless key could lead to theft of a vehicle itself.  Because of their conclusory and vague nature, the FAC's allegations concerning hacking do not plausibly permit the inference that Plaintiffs' wireless key entry system is defective and made the vehicle vulnerable to unauthorized access; the allegations also do not provide a plain statement of the claims against Defendant as required by Rule 8.  *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678; *Nevijel*, 651 F.2d at 673-74.  These deficiencies affect all counts in the FAC and require dismissal of the FAC.

      4.  Magnuson-Moss Warranty Act (MMWA) Claims (Counts I and II).  For class-wide claims under the MMWA, a plaintiff must notify the warrantor that a suit is going to be initiated on behalf of the class – before filing suit.  *See Bhatt v. Mercedes-Benz USA, LLC*, 2018 WL 5094932, at *4-5 (C.D. Cal. Apr. 16, 2018).  Here, Plaintiffs in the FAC have not alleged such pre-suit notice, which is a basis for dismissal of the MMWA claims.  *Id*.  In addition, Plaintiffs must properly allege a claim under California state law in order to maintain a MMWA claim, and as discussed below, the FAC fails to do that.

      5.  Song-Beverly Act Express Warranty Claim (Count VII).  The FAC fails to state a Song-Beverly claim for at least two reasons.  First, the FAC does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:19-cv-05530 AFM**                                                                 Date:   **December 6, 2019**
Title       **Lori Cohen, Daniel Cohen v. Porsche Cars North America, Inc.**

specifically and plainly allege that Plaintiffs presented their vehicle's defect or non-conformity to the warrantor or its representative who then failed to repair the vehicle defect or non-conformity after a reasonable number of repair attempts.  *See Wilborn v. CarMax Auto Superstores Cal., LLC,* 2017 WL 6940653, at *5 (C.D. Cal. Dec. 11, 2017).  Plaintiffs' allegations in this regard are vague and not direct.  At most, the FAC may be read to allege that Plaintiffs took their vehicle to an undefined "dealership" on one occasion and also called "Porsche," but they do not clearly allege what happened at the dealership or what was said on the visit or the call.  This does not comply with Fed. R. Civ. P. 8.  The FAC does not allege multiple visits to an authorized Porsche dealer or multiple failed attempts to cure a defect or non-conformity with the warranty.  Alleging that Plaintiffs offered a "dealership" a single opportunity to repair the vehicle does not state a Song-Beverly claim.  *See Silvio v. Ford Motor Co.*, 109 Cal. App. 4th 1205, 1208 (2003); *Wilborn*, 2017 WL 6940653, at *5.  Although Plaintiffs' counsel stated at the hearing that Defendant refused to attempt to repair the vehicle, that is not directly alleged in the FAC.  In addition, the FAC does not plainly and plausibly allege the vehicle's purported defect and how it failed to conform with an express warranty provided by Defendant.

      6.  Implied Warranty Claims (Counts III and VI).  The FAC attempts to allege implied warranty claims under Song-Beverly and under the California Unfair Competition Law ("UCL").  Claims pursuant to these state laws require a defect in a good that renders it "unmerchantable."  *See, e.g., Knowles v. Arris Int'l PLC*, 2019 WL 3934781, at *4 (N.D. Cal. Aug. 20, 2019).  As discussed above regarding the alleged "hacking," Plaintiffs' allegations about Defendant's wireless key device are conclusory and lack facts concerning the instrumentality of the hack, what aspect of the wireless device made the vehicle vulnerable to hacking, and the impact of a hack on the vehicle's continued use and safety.  As such, the FAC fails to provide factual allegations that plausibly permit the Court to infer that their vehicle is unmerchantable.

7.  <u>False Advertising Law Claim (Count IV)</u>.  To plead a claim under the California False Advertising Law ("FAL") (Cal. Bus. & Prof. Code § 17500, *et seq*.), Plaintiffs must identify a specific advertisement and allege why the advertisement was untrue or misleading.  *See Joe Hand Promotions, Inc. v. Bragg*, 2016 WL 773223, at *4-5 (S.D. Cal. Feb. 29, 2016).  In response to the motion to dismiss on this issue, Plaintiffs point to a statement alleged at paragraph 28 of the FAC (which purports to be from Defendant's website):  "'In the midst of irrationality – we can also be extremely sensible.  Not just for quality and sustainability, but also when it comes to the most important thing:  your safe arrival.'"  This does not meet Plaintiffs' pleading obligation under the FAL.  First, the quoted statement is general puffery and, as such, cannot provide the basis for a false advertising claim.  *See, e.g., Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1139 (C.D. Cal. 2005); *Sims v. Kia Motors Am., Inc.*, 2014 WL 12558249, at *7 (C.D. Cal. Mar. 31, 2014).  Second, the FAC does not plausibly allege how the allegedly defective wireless key device affects occupant safety in the vehicle in a way that is contrary to the representations in the advertisement.

8.  <u>Unfair Business Practices Claim Under UCL (Count V)</u>.  The UCL provides a cause of action for business practices that are (1) unlawful; (2) unfair; or (3) fraudulent.  Cal. Bus. & Prof. Code § 17200, *et seq*.  Each of these three prongs provides a potential separate theory of liability.  *See Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007).  Here, for all of the prongs, Plaintiffs refer to the alleged false advertising from their FAL claim, as well as allegedly false representations made by Defendant in its written warranty presented to Plaintiffs.  (ECF No. 20 at 19-20.)  As discussed above, the FAC does not plausibly allege that the advertisement in the FAL claim is false or misleading and cannot be a basis for a UCL claim.  Regarding the warranty language, Plaintiffs allege that Defendant's written warranty states that it will repair or replace any vehicle that has substantial

safety issues.  (ECF No. 20 at 19 (citing FAC, ¶¶ 29-30).)[1]  However, the FAC has not plausibly alleged how the purported hacking of the wireless key device impacts the "safety" of Plaintiffs' vehicle – if safety is reasonably understood as protection of an occupant from risk of physical injury.  Even assuming arguendo a broader meaning of safety in this context, the FAC contains only conclusory allegations regarding hacking that do not plausibly permit an inference as to how the wireless key device impacts the security of property in the vehicle or the possibility of theft of the vehicle itself.  Thus, the FAC's allegations do not meet the pleading requirements for the three UCL prongs.

9.  "If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  Although the October 2, 2019 order dismissing the original complaint referred to the FAC as the "last opportunity" to amend, there had not been a prior opportunity to amend at the time that order was entered.  Moreover, the original complaint was not subject to a detailed analysis in the October dismissal order, and the Court cannot conclude with certainty that further amendment would now be futile.  Accordingly, out of an abundance of caution, the Court grants Plaintiffs leave to file a Second Amended Complaint.  If Plaintiffs wish to pursue this case, they shall file a Second Amended Complaint on or before December 27, 2019.

IT IS SO ORDERED.

|  | : |
|---|---|
| **Initials of Preparer** | ib |

---

[1] Defendant contends that no such statement exists in its warranty.  (ECF No. 21 at 17.)